*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-08-00293-CV

Santiago (Jimmy) **GONZALEZ**, Jr.,
Appellant

v.

Al E. **MARGO**, Frederick J. Margo, Richard Margo, and Virginia Margo Jones,
heirs of Hortensia Guerra Margo, Deceased, and Victor Hinojosa,
Executor of the Estate of Minerva Maria Guerra Hinojosa,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. 7646
Honorable Alex William Gabert, Judge Presiding

PER CURIAM

Sitting:     Alma L. López, Chief Justice
               Catherine Stone, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   October 15, 2008

MOTION FOR EXTENSION OF TIME DENIED; DISMISSED

Santiago (Jimmy) Gonzalez, Jr., filed his notice of appeal in the trial court on February 29, 2008. He did not file a copy of the notice in this court as required by Rule 25.1(e) of the Texas Rules of Appellate Procedure, did not file the docketing statement required by Rule 32, and did not pay the filing fee required by statute. This court did not learn of the appeal until May 1, 2008, when counsel

for appellees inquired about the appeal and forwarded a copy of the notice to the court.  The clerk of the court advised appellant by letter that the filing fee must be paid by May 12 and the docketing statement filed by May 16.  Gonzalez failed to pay the fee by May 12, and we ordered him to do so by May 30 and advised him that failure to comply could result in dismissal of the appeal. The fee was paid on May 30.  No docketing statement has been filed.

The reporter's record was due March 31, 2008, sixty days after the judgment was signed. When the reporter's record was not filed by that date, the court notified the court reporters the record was late.  The court reporters filed notifications of late record stating the record had not been filed because Gonzalez had not requested the record be prepared as required by Rules 34.6(b), had not paid or made arrangements to pay for the preparation of the record, and was not entitled to appeal without prepayment of costs. We ordered Gonzalez to provide written proof to the court by June 11, 2008, that he requested a reporter's record and that he either made arrangements satisfactory to the reporters to pay their reporters fees or is entitled to appeal without paying the fees. Gonzalez has never filed a response to our order.  The court reporters filed copies of their letters to Gonzalez advising Gonzalez of the amounts they required as deposits before beginning work to prepare the record.  On June 26, both reporters filed notices of late record, stating Gonzales had not responded to their correspondence or paid the deposits. On July 2, we ordered Gonzalez to file his appellant's brief by August 1, 2008, and advised that the court would consider only those issues or points raised that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c).

Gonzalez did not file a brief or a motion for extension of time by the required date. On September 9, we notified him by order that the appeal would be dismissed for want of prosecution unless his appellant's brief and a written response reasonably explaining his failure to timely file the

brief were filed by September 19. *See* TEX. R. APP. P. 38.8(a). Rather than filing his brief, Gonzalez filed a motion for extension of time on September 18, seeking thirty additional days to file his brief. As grounds for the motion, Gonzalez stated only that his attorney had been in trials "for the past couple of months" and that Gonzalez is disabled and has a difficult time visiting counsel's office. Noting that counsel has been aware of his responsibility to file a brief since early June, we held the grounds stated in the motion were insufficient to justify a thirty day extension. On September 25, we ordered Gonzales to file his appellant's brief by October 3, 2008. Gonzalez's attorney was immediately notified of the order by facsimile transmission and the order advised him the court would not grant any further extensions and the appeal would be dismissed if the brief were not filed by the date ordered.

Gonzalez has not filed his brief. Instead, at 5:23 p.m. on October 2, 2008, he filed another motion for extension of time. We deny the motion and dismiss this appeal for want of prosecution.

PER CURIAM